# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PINELLAS COUNTY, FLORIDA
# CIVIL DIVISION

**STEPHANIE MARTINEZ,**

    **Plaintiff,**

                                            **CASE NO.:**

v.

**STATE OF FLORIDA, DEPARTMENT
OF HEALTH, and
ROBERTO NINA, an individual,**

    **Defendants.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephanie Martinez, by and through undersigned counsel, brings this action against Defendants, State of Florida, Department of Health, ("Defendant DOH") and Roberto Nina ("Defendant Nina"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, against all defendants for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq., Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and negligence, against Defendant Roberto Nina for battery, and intentional infliction of emotional distress, and against State of Florida, Department of Health, for vicarious liability.

2. Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

## PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant State of Florida, Department of Health, operates an outreach dental clinic in Tarpon Springs, Pinellas County, Florida.

5. At all times material hereto, Roberto Nina performed work for the State of Florida's Department of Health under either an express or an implied contract of employment.

6. At all times material hereto, the State of Florida's Department of Health had authority to oversee the daily operations of the Tarpon Springs Health Department and Roberto Nina.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was an employee of the Tarpon Springs Health Department, part of the State of Florida's Department of Health.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA and Title VII.

## FACTS

12. Plaintiff began working for the State of Florida, Department of Health in 2016 as a Dental Hygienist, and she continued to work in this capacity until March 2020.

13. Plaintiff is a female.

14. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA and Title VII.

15. Plaintiff performed the job for which she was hired in a satisfactory manner.

16. During the course of her employment with the Department, the Department's employee, Roberto Nina, unlawfully sexually harassed and sexually assaulted Plaintiff.

17. Due to an unfilled position, Roberto Nina ("Nina") was acting as a supervisor or the center manager and had keys to the dental facility where Plaintiff worked.

18. Beginning in 2017, Nina began to spend extra time around Plaintiff, bringing her food and inviting her to a gun range.

19. By 2018, despite Plaintiff's rebuffs of Nina's advances, Nina would stop Plaintiff at work and hold her face and kiss her against her will.

20. Throughout the months of November and December of 2018, and into January 2019, Roberto Nina would repeatedly forcefully kiss the Plaintiff and push his lower body into Plaintiff's body against her will.

21. During 2018, Plaintiff was made to stay at work on Fridays alone in order to do maintenance of the Department's dental equipment which was in the vicinity of Roberto Nina's work area.

22. In late 2018, Plaintiff was performing maintenance of Department's equipment when Plaintiff heard the only other employee, besides herself and Nina, leave and, knowing Nina was still present, Plaintiff hid in the back room. Nina found Plaintiff hiding in the back room and sexually assaulted Plaintiff.

23. Nina continued his egregious harassment of Plaintiff, and, by way of example and not limitation, would come up behind Plaintiff and press his genitals into Plaintiff's backside or slap her backside. Nina's behavior continued through May of 2019.

24. In November 2019, after a brief lull in Nina's behavior over the summer of 2019, Nina later enrolled himself and his wife in the Department's dental program as patients and would

make appointments so that Plaintiff would be required to perform dental services on him and his wife. Nina would be present during his wife's appointments and further intimidate Plaintiff by standing nearby and staring at Plaintiff.

25. Plaintiff reported Nina's actions to a Dental Department supervisor, Marcos Reyes ("Reyes").

26. Defendant failed to act on Plaintiff's complaint regarding Nina's actions.

27. Upon information and belief, the Department's other employees were provided with personal alarms, except Plaintiff.

28. Further, there are no panic buttons, badge readers, or other security measures in the dental department area, where Plaintiff was required to work alone in the evenings, as there are in other Health Departments in Pinellas County.

29. Plaintiff reported Defendant's inadequate security to one of the Department's supervising dentists who requested further security measures that, upon information and belief, were either ignored or denied by the Department.

30. On or about December 9, 2019, Plaintiff learned that Nina had sexually assaulted a patient by groping her and sliding his hands down the patient's pants.

31. Plaintiff wanted to ensure that Nina would not return to work and, on or about December 9, 2019, she again reported Nina's assaults upon her to different supervisors, Rupal Shah ("Shah").

32. It wasn't until several days later, on or about December 13, 2019, that Defendant followed up with Plaintiff when Melissa Van Bruggen ("Van Bruggen") asked to speak with her.

33. Plaintiff has suffered emotional distress and anxiety, ultimately causing her to seek medical attention and medical leave from her job in order to care for her serious medical condition brought on by the sexual harassment and disparate treatment.

34. Defendant took actions to thwart Plaintiff's attempt to take leave pursuant to the Family and Medical Leave Act ("FMLA") in retaliation for making her complaint of sexual harassment by Nina.

35. Plaintiff requested the FMLA certification paperwork as early as December 17, 2019. However, Defendant did not provide the FMLA certification paperwork to her until December 30, 2019.

36. Plaintiff's treating physician completed the FMLA certification paperwork and attempted to transmit the same via facsimile on January 17, 2020, to Meghan Reinheimer ("Reinheimer"), Defendant's Human Resources representative. However, Defendant's fax only received one page.

37. Instead of informing Plaintiff that her FMLA certification paperwork was not received in its entirety, Reinheimer drafted and mailed a certified letter to Plaintiff informing her that her employment was terminated "in 1 business day following the receipt of the letter or by January 22, 2020."

38. In the evening of January 20, 2020, Plaintiff received the certified letter dated January 17, 2020 that Respondent was terminating her employment "in 1 business day following the receipt of the letter or by January 22, 2020."

39. On January 23, 2020, Plaintiff emailed Reinheimer who finally informed Plaintiff that only one page of the FMLA paperwork was received on January 17th and that it was insufficient for Defendant. Specifically, Reinheimer wrote to Plaintiff:

"We received an attempted fax. It only contained the lower half of page one of the medical certification. This is not sufficient to justify continuous medical leave. It is not our responsibility to chase down paperwork, although we have made several attempts. You need to make the effort with your doctor. Your absences are not protected and we have gone far beyond the limit of ten days without medical documentation. Unless you can provide the requested documentation by the close of business January 24, 2020, we will move forward with our usual OPS dismissal process."

40. Defendant did not provide to Plaintiff the seven (7) days to correct any deficiency of the medical certification.

41. Ultimately, Plaintiff's physician was able to submit the FMLA paperwork by email on January 23, 2020.

42. Defendant later used Plaintiff's work email to communicate with her about the status of her FMLA leave while knowing that Plaintiff no longer had access to that email account.

43. On or about March 9, 2020, Plaintiff was compelled to resign due to Respondent's ongoing discrimination and retaliation.

## COUNT I – FCRA VIOLATION
## (SEX HARASSMENT)(AGAINST DEFENDANT DOH)

44. Plaintiff realleges and readopts the allegations of paragraphs 1-43 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff was subjected to unwelcome harassment on the basis of her sex. Specifically, Plaintiff was repeatedly assaulted by the Department's acting manager and employee, Roberto Nina.

47. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with the Department, including but not limited to termination of her employment.

48. In response, the Department failed to intervene or take prompt and effective remedial action.

49. The Department's actions were willful and done with malice.

50. Plaintiff was injured due to the Department's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

<u>**COUNT II – FCRA RETALIATION**</u>
**(AGAINST DEFENDANT DOH)**

51. Plaintiff realleges and readopts the allegations of paragraphs 1-43 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under Title VII.

53. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

54. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

55. Defendant's actions were willful and done with malice.

56. In terminating her employment, Defendant took material adverse action against Plaintiff.

57. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;

    d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    e) Compensation for lost wages, benefits, and other remuneration;

    f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g) Front pay;

    h) Any other compensatory damages, including emotional distress, allowable at law;

    i) Punitive damages;

    j) Prejudgment interest on all monetary recovery obtained.

  k)  All costs and attorney's fees incurred in prosecuting these claims; and

  l)  For such further relief as this Court deems just and equitable.

**COUNT III – TITLE VII VIOLATION**
**(SEX HARASSMENT)(AGAINST DEFENDANT DOH)**

58. Plaintiff realleges and readopts the allegations of paragraphs 1-43 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under Title VII.

60. Plaintiff was subjected to disparate treatment on the basis of her sex.

61. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

62. Defendant's actions were willful and done with malice.

63. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

  c)  An injunction restraining continued violation of Title VII by Defendant;

  d)  Compensation for lost wages, benefits, and other remuneration;

  e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f)  Any other compensatory damages, including emotional distress, allowable at law;

  g)  Punitive damages;

  h)  Prejudgment interest on all monetary recovery obtained.

i)   All costs and attorney's fees incurred in prosecuting these claims; and

j)   For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION
### (AGINST DEFENDANT DOH)

64. Plaintiff realleges and readopts the allegations of paragraphs 1-43 of this Complaint, as though fully set forth herein.

65. Plaintiff is a member of a protected class under Title VII.

66. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

67. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

68. Defendant's actions were willful and done with malice.

69. In terminating her employment, Defendant took material adverse action against Plaintiff.

70. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

m)   A jury trial on all issues so triable;

n)   That process issue and that this Court take jurisdiction over the case;

o)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;

p)   That this Court enter an injunction restraining continued violation of Title VII by Defendant;

q)   Compensation for lost wages, benefits, and other remuneration;

r)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

s)  Front pay;

t)  Any other compensatory damages, including emotional distress, allowable at law;

u)  Punitive damages;

v)  Prejudgment interest on all monetary recovery obtained.

w)  All costs and attorney's fees incurred in prosecuting these claims; and

x)  For such further relief as this Court deems just and equitable.

## COUNT V – ASSAULT AND BATTERY
### (AGAINST ROBERTO NINA)

71. Plaintiff realleges and incorporates by reference Paragraphs 1-10 and 12-33 as though set forth verbatim herein.

72. This is a common law action of assault and battery against Defendant Roberto Nina.

73. The intentional conduct of Defendant Roberto Nina as alleged in paragraphs 16-29 of this Complaint constitutes an assault and battery upon Plaintiff, in that Defendant Roberto Nina, without consent of Plaintiff, threatened to, and did in fact, offensively touch Plaintiff. Such conduct was intended to cause harm to Plaintiff.

74. These touchings were unwelcome, unwanted, and offensive.

**WHEREFORE**, Plaintiff requests that this Court:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

    c)     Enter an award for any compensatory damages, including emotional distress, allowable at law;

    d)     Enter an award of all costs and attorney's fees incurred in prosecuting these claims; and

    e)     For such further relief as this Court deems just and equitable.

### COUNT VI – INTENTIONAL INFLICTION OF MENTAL DISTRESS
### (AGAINST ROBERTO NINA)

75. Plaintiff adopts and realleges paragraphs 1-10 and 12-33 as if fully set forth herein.

76. This is an action for intentional infliction of emotional distress.

77. Defendant Roberto Nina intentionally inflicted emotional distress on the Plaintiff by repeatedly assaulting her.

78. That conduct is extreme and outrageous, and not tolerated in a normal society.

**WHEREFORE**, Plaintiff requests that this Court:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     Enter an award of damages;

    d)     Enter an award of all costs and attorney's fees incurred in prosecuting these claims; and

    e)     For such further relief as this Court deems just and equitable.

### COUNT VII – VICARIOUS LIABILITY
### (AGAINST DEFENDANT DOH.)

79. Plaintiff adopts and realleges paragraphs 1-10 and 12-33 of this Complaint as if fully set forth under this count.

80. At all times material, the Department employed Nina. Nina was under the Department's direct supervision, employ, and control when he committed the wrongful and negligent acts described herein. Nina engaged in this conduct while acting in the course and scope of his employment with the Department and/or accomplished the sexual exploitation by virtue of his job-created authority. Therefore, the Department is liable for the wrongful conduct of Nina under the law of vicarious liability, including the Doctrine of Respondeat Superior.

81. As a direct result of the conduct described herein, Plaintiff has suffered and will continue to suffer pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, and humiliation.

**WHEREFORE**, Plaintiff requests that this Court:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Enter an award of damages;

d) Enter an award of all costs and attorney's fees incurred in prosecuting these claims; and

e) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of May, 2021.

    Respectfully submitted,

    */s/ Brandon J. Hill*
    **BRANDON J. HILL**
    Florida Bar Number: 0037061
    Direct Dial: 813-337-7992
    **AMANDA E. HEYSTEK**

Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
**Attorneys for Plaintiff**